IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSE
AT NASHVILLE

FILED
2012 APR -2 PM 3:27
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

RONALD D. EADY )
)
Plaintiff, )
)
v. )  Case No.: 3:12cv0336
)
COMMODORE EXPRESS, INC. )  JURY TRIAL DEMANDED
AND )
LIBERTY MUTUAL INSURANCE CO. )
)
Defendants. )
)

## COMPLAINT

COMES NOW, the Plaintiff, Ronald D. Eady, to sue Defendants, Commodore Express, Inc. and Liberty Mutual Insurance Co. for worker's compensation benefits, depravation of civil rights and personal injury and would show the Court the following:

1. Plaintiff Ronald D. Eady is a resident of Fayetteville, Tennessee, in Lincoln County.

2. Defendant Commodore Express, Inc. is a corporation duly licensed to do business in the state of Tennessee and has its principal place of business located at 482 Waldron Rd. Lavergne, Tennessee 37086.

3. Defendant Liberty Mutual Insurance Co. is an insurance company with its principal mailing address at 531 South Tryon Street, Charlotte, North Carolina 28202.

4. Pursuant to 28 USC 1343(a) and 42 USC 1983, Federal District Court is the proper venue.

5. Defendant Liberty Mutual Insurance Company is the insurance carrier who at the pertinent time period handled all workers compensation claims for Defendant Commodore Express, Inc.

6. Plaintiff was employed as a truck driver by Defendant Commodore Express, Inc. and was working for Defendant on June 29, 2007.

7. Plaintiff was accompanied by another driver, John Thompson, also employed by Commodore Express, Inc., and the two men were traveling back to Tennessee from Bakersfield, California where they had finished delivering a load.

8. Plaintiff was accompanied by John Thompson due to Mr. Thompson's past troubles working with other drivers and his gambling problems. Mr. Thompson admitted he told Commodore Express, Inc. that he had a gambling problem and often refused to drive for the company unless he first received a cash advance on his earnings.

9. During the course of the trip together, Plaintiff and Mr. Thompson alternated driving duties.

10. At about 3 p.m. on June 29, 2007, Plaintiff stopped the truck and exited it to go to the bathroom near Flagstaff, Arizona.

11. When Plaintiff exited the truck, Thompson, an employee and agent of Commodore Express, Inc. locked the doors to the truck and began to drive off, leaving Plaintiff on the side of the road.

12. As Thompson was leaving, Plaintiff attempted to get back into the truck, but was unsuccessful and fell to the ground, injuring his back.

13. Thompson drove several hundred feet and then stopped to place Plaintiff's belongings on the shoulder of the highway.

14. Plaintiff was able to board the truck on the catwalk when Thompson stopped to place the bags outside.

15. Plaintiff rode on the catwalk until the truck pulled over for an Arizona Highway Patrol officer.

16. After an investigation by the officer, Plaintiff was informed that Defendant Commodore Express, Inc. did not want him to ride in the truck and he would need to find alternate transportation to Tennessee.

17. Plaintiff was driven by the officer to the greyhound station in Flagstaff, Arizona.

18. Plaintiff paid $182.00 for a bus ticket and endured physical pain in his back during the trip back to Tennessee.

19. Plaintiff noticed Defendant of his injuries due to the accident by certified mail and in person.

20. Upon arriving in Tennessee, Plaintiff went to his employer Commodore Express, Inc. on Monday, July 2, 2007, and was wrongfully fired. Despite his past trouble, Defendant Commodore Express, Inc. believed and supported Mr. Thompson against the Plaintiff erroneously.

21. Plaintiff was seen at Fayetteville Regional Hospital in Fayetteville, TN for his injured back. Plaintiff received ongoing treatment for an extended period of time.

22. Plaintiff was acting within the scope of his employment and incurred an injury arising from his employment with Defendant Commodore Express, Inc.

23. Plaintiff has suffered a loss of wages and incurred medical expenses including but not limited to Emergency Room visits, MRI, and doctor visits in excess of $8,000.00.

24. Plaintiff continues to suffer from back pain without significant improvement while still under the care of a physician.

25. Plaintiff filed a worker's compensation claim and on September 18, 2007, an order was filed denying worker's compensation benefits and a benefit review report was filed reflecting the benefit review process was exhausted pursuant to Tenn. Code Ann. 50-6-203(a) and Rule 80-2-5-09.

26. Plaintiff is entitled to the denied benefits which were lost due to misrepresentations by the Defendant's agent Mr. Thompson.

THEREFORE PLAINTIFF PRAYS AS FOLLOWS:

1. That the Defendants be served with this Complaint and be made to answer the complaints herein.

2. That the Plaintiff be granted an opportunity for full discovery.

3. That the Plaintiff receive a hearing in which all relevant evidence can be presented to the Court.

4. That Plaintiff receive worker's compensation benefits (including but not limited to temporary partial and temporary total disability benefits, permanent partial disability benefits, medical expenses, and mileage expenses incurred in seeking medical treatment) from Defendants for his injury which occurred during the scope and arising out of and in the course of his employment with Defendant Commodore Express, Inc.

5. That the Defendants be ordered to provide a panel of four appropriate physicians from which Plaintiff can select for medical care.

6. That the cost of this cause of action be assessed to Defendants.

7. That the Defendants be ordered to pay both compensatory and punitive damages as well as discretionary costs incurred by the Plaintiff in pursuing this action.

8. For all such other and further relief to which Plaintiff is entitled.

Respectfully Submitted,

*Ronald Eady*
Ronald Eady, Pro Se

1004 West Campbell St,
Fayetteville TN. 37334
615-663-4562 -
Eady_Ronald@yahoo.com