IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONALD D. EADY,  )
         )
    Plaintiff,  )    NO. 3:12-00336
         )    Chief Judge Haynes
v.         )
         )
COMMODORE EXPRESS, INC. AND,  )
LIBERTY MUTUAL INSURANCE CO.,  )
         )
    Defendants.  )

## MEMORANDUM

Before the Court are the Plaintiff's similarly styled motions for reconsideration (Docket Entry Nos. 48, 51, and 52) of the Order (Docket Entry No. 44) dismissing this action for Plaintiff's failure to respond to both the Defendants' motion for judgment on the pleadings (Docket Entry No. 13) and the Court's Order to respond to Defendant's motion (Docket Entry No. 20). Defendants have filed a response (Docket Entry No. 54), to which the Plaintiff has filed a reply pro se (Docket Entry No. 55). Since the filing of his motions, Plaintiff filed a notice of appeal (Docket Entry No. 59).

As a general rule, the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985) (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). An exception to this rule allows a "district court to enter remedial orders not affecting the merits of the appeal" or "in aid of the appeal." United States v. Holloway, 740 F.2d 1373, 1382 (6th Cir. 1984), Inland Bulk Transfer Co. V. Cummins Engine

Co., 332 F.3d 1007, 1012 (6th Cir. 2003). Upon consideration of Plaintiff's motions for reconsideration, Plaintiff's motions qualify for this exception because the Court identified a jurisdictional issue that does not involve the merits of Plaintiff's claims.

"[F]ederal courts are courts of limited jurisdiction, empowered only to wield the power Congress and the Constitution have given them…'Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" United States v. Lucido, 612 F.3d 871, 877 (6th Cir. 2010). "Federal Rule of Civil Procedure 12(h)(3) states that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Marks v. Tennessee, Civil No. 1:07-0095, 2008 WL 4372764, at *4 (M.D.Tenn. Sept. 18, 2008) (citing Fed. R. Civ. Pro. 12(h)(3)).

The Court is "'under a continuing obligation to verify [its] jurisdiction over [this action].'" East Brooks Books, Inc. v. City of Memphis, 633 F.3d 459, 464 n.3 (6th Cir. 2011) (citation omitted). "'The existence of subject matter jurisdiction may be raised at any time, by any party, or even sua sponte by the court itself.'" Id. (citation omitted). Further, "[a]ny court may address the issue of subject matter jurisdiction at any time, with or without the issue being raised by a party to the action." Cmty Health Plan of Ohio v. Mosser, 347 F.3d 619, 622 (6th Cir. 2003) overruled on other grounds by Primax Recoveries, Inc. v. Gunter, 433 F.3d 515 (6th Cir. 2006) (citation omitted).

Plaintiff's complaint presents claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), federal question statutes. Section 1983 claims involve federal law questions and applies to defendants who act under color of law. Here, the Defendants are private entities who do not act

under color of state law. As to possible diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff and one defendant are Tennessee citizens. Thus, diversity jurisdiction does not exist for lack of complete diversity.

Accordingly, Plaintiff's motions for reconsideration (Docket Entry Nos. 48, 51, and 52) should be granted, but this action should be dismissed without prejudice for lack of subject matter jurisdiction.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RONALD D. EADY, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:12-00336 |
| | ) | Chief Judge Haynes |
| v. | ) | |
| | ) | |
| COMMODORE EXPRESS, INC. AND, | ) | |
| LIBERTY MUTUAL INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In accordance with the Memorandum filed herewith, Plaintiff's motions for reconsideration (Docket Entry Nos. 48, 51, and 52) are **GRANTED**, but this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

It is so **ORDERED**.

ENTERED this the 15th day of November, 2012.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court